Case 4:25-cv-03726   Document 18   Filed on 10/07/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
October 07, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR BUENROSTRO-MENDEZ, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-25-3726 |
| | § | |
| PAMELA JO BONDI, Attorney General of the United States, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM AND ORDER**

Victor Buenrostro-Mendez has filed a petition for a writ of habeas corpus, challenging the lawfulness of his detention by Immigration and Customs Enforcement. (Docket Entry No. 1). He has also filed an emergency motion for a temporary restraining order and a preliminary injunction. (Docket Entry No. 17). For the reasons set forth below, the court grants in part Buenrostro's petition and orders the respondents to conduct a bond hearing within 14 days from this order or release him.

**I.     Background**

The parties do not dispute the relevant facts. Victor Buenrostro-Mendez is a Mexican citizen who has lived in the United States unlawfully for over a decade. (Docket Entry No. 1 at 11; Docket Entry No. 12 at 7). In July 2025, he encountered law enforcement officers. (Docket Entry No. 1 at 11; Docket Entry No. 12 at 7). He was turned over to ICE custody and issued a Notice to Appear, charging that he was subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i). (Docket Entry No. 1 at 11; Docket Entry No. 12 at 7). On July 29, 2025, an immigration judge (IJ) found that she had no jurisdiction to release him on bond because he was subject to detention

under 8 U.S.C. § 1225(b)(2). (Docket Entry No. 1-2). On August 6, 2025, Buenrostro appealed the IJ's bond denial to the Board of Immigration Appeals (BIA). (Docket Entry No. 17-3). That appeal is pending.

On August 8, 2025, Buenrostro filed this petition for a writ of habeas corpus. (Docket Entry No. 1). His petition alleges violations of the Fifth Amendment Due Process Clause and the Immigration and Nationality Act (INA), among other claims. On September 12, 2025, the respondents—including Attorney General Pamela Bondi and Martin Frink, the warden of the Houston Contract Detention Facility[1]—filed their response to the petition, seeking dismissal or, alternatively, summary judgment. (Docket Entry No. 12). On October 1, 2025, Buenrostro filed an ex parte motion for a TRO and preliminary injunction, asking for largely the same relief he asked for in his habeas petition. (Docket Entry No. 17). The government opposes.

**II.  Analysis**

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *2 (E.D. Mich. Sep. 9, 2025) (citing 28 U.S.C. § 2241). "If a district court entertains a habeas petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief." *Id.* (citing 28 U.S.C. § 2243).

---

[1] In a habeas petition, generally only the "immediate custodian" is the proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."). Frink answered the petition and has joined the government respondents' motion to dismiss and their reply in support of the motion to dismiss. (Docket Entry Nos. 8, 13, 16). No respondents have requested dismissal, and the government respondents point out that it is the named federal respondents in the case, not the named warden, who make the custodial decisions regarding noncitizens detained in immigration custody under Title 8 of the United States Code. (Docket Entry No. 12 at 6 n.1).

This case is one of a number of recent lawsuits filed challenging the federal government's authority to detain noncitizens during the pendency of removal proceedings under 8 U.S.C. § 1225(b). *See Roa v. Albarran*, No. 25-cv-7802, 2025 WL 2732923, at *1 (N.D. Cal. Sep. 25, 2025) (describing the "tsunami" of recent similar cases in the Northern District of California) (quoting *Hinestroza v. Kaiser*, No. 25-cv-7559, 2025 WL 2606983, at *2 (N.D. Cal. Sep. 9, 2025)); *see also Savane v. Francis*, No. 1:25-cv-6666, 2025 WL 2774452, at *1 (S.D.N.Y. Sep. 28, 2025) (explaining that "[t]his is another case in a recent line of cases concerning the scope of the government's authority to detain noncitizens during the pendency of removal proceedings").

Two statutes principally govern the detention of noncitizens pending removal proceedings: 8 U.S.C. §§ 1225 and 1226. "Under 8 U.S.C. § 1225(b)(2), otherwise referred to as the 'mandatory detention statute,' a noncitizen 'who is an applicant for admission' shall be detained for a removal proceeding 'if the examining officer determines that [the noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted.'" *Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-479, 2025 WL 2783642, at *2 (D. Me. Sep. 30, 2025) (quoting 8 U.S.C. § 1225(b)(2)(A)). "In contrast, under 8 U.S.C. § 1226, the 'discretionary detention statute,' a noncitizen subject to detention is entitled to procedural protections that are not afforded under the mandatory detention statute, such as the right to a bond re-determination hearing in front of an Immigration Judge and a right to appeal any custody determination." *Id.* The Department of Homeland Security's "longstanding interpretation" had been that § 1226, not § 1225, applies to noncitizens like Buenrostro who are already present in the country. *See Savane*, 2025 WL 277452, at *5. In July 2025, however, the Department changed its position. *See id.* (explaining a memo published by the Acting Director of ICE on July 8, 2025). The government now applies § 1225 to *all* applicants for

3

admission. At a hearing, the IJ agreed with the government that §1225 applied and denied him a bond hearing on jurisdictional grounds. (Docket Entry No. 17-2 at 2).

In his petition, Buenrostro argues that § 1226 applies because it is "the statute of general applicability for interior enforcement actions." (Docket Entry No. 1 at 12, 13). He argues that § 1225 does not apply because that statute "is aimed squarely at the border and recent arrivals," and he has been in this country for over 15 years. (*Id.* at 13–14). Under § 1226, he argues, the IJ erred in determining that she lacked authority to redetermine his bond because the detention provisions of § 1226 "are explicitly discretionary." (*Id.* at 12). In response, the respondents argue that: (1) this court does not have jurisdiction over Buenrostro's petition because he has not exhausted his administrative remedies; and (2) because he is lawfully detained under § 1225, he is not entitled to a bond hearing at all. (Docket Entry No. 12).[2]

Like the overwhelming majority of courts to consider this issue in the last few months, this court concludes that Buenrostro is entitled to at least some of the relief he seeks and grants his habeas petition in part. First, exhaustion does not bar this court's review because it is not a statutory requirement in these circumstances. *See Lopez Benitez v. Francis*, 25 Civ. 5937, 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025). When a "'legal question is fit for resolution and delay means hardship,' a court may choose to decide the issues itself." *Pizarro Reyes*, 2025 WL 2609425, at *3 (quoting *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000)).

---

[2] Buenrostro also argues that the failure of the Attorney General to issue a warrant does not mean that he is inherently subject to mandatory detention under 8 U.S.C. § 1225(b). (Docket Entry No. 1 at 8, 15–16). The respondents do not address this argument in their response, instead arguing only the exhaustion and basic statutory interpretation points. (*See generally* Docket Entry No. 12). The court need not address whether Buenrostro's arrest without a warrant merits a different outcome "because the government did not raise this argument." *Diaz Diaz v. Mattivelo*, No. 1:25-cv-12226, 2025 WL 2457610, at *3 n.7 (D. Mass. Aug. 27, 2025).

4

The issue here largely "boils down to a matter of statutory interpretation," which "belong[s] historically within the province of the courts." *Id*. Other courts faced with similar issues have found that preventing six months or more of unlawful detention (bond determinations typically take six months or more) outweighs the BIA's interest in detaining an individual while his or her bond determination is resolved on appeal. *Id.*; *see also Lopez-Arevelo v. Ripa*, No. EP-25-cv-337, 2025 WL 2691828, at *6 (W.D. Tex. Sep. 22, 2025) (waiving exhaustion in a similar case because "[t]o wait, indefinitely, for a ruling on that appeal would be inappropriate because it would exacerbate [the petitioner's] alleged constitutional injury—detention without a bond hearing").

Turning to the merits, the court concludes that § 1226, not § 1225, applies to Buenrostro's detention. As almost every district court to consider this issue has concluded, "the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades" support finding that § 1226 applies to these circumstances. *Pizarro Reyes*, 2025 WL 2609425, at *4; *see also Lopez-Arevelo*, 2025 WL 2691828, at *7 ("In recent weeks, courts across the country have held that this new, expansive interpretation of mandatory detention under the INA is either incorrect or likely incorrect."); *Rodriguez v. Bostock*, No. 3:25-cv-5240, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sep. 30, 2025) (collecting cases and noting that "[e]very district court to address" the statutory question "has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice"); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947, at *6 (D. Minn. Oct. 1, 2025) (joining the "chorus" of courts concluding that § 1226 applies). The court need not repeat the "well-reasoned analyses" contained in these opinions and instead simply notes its agreement. *Chogllo Chafla v. Scott*, No. 2:25-cv-437, 2025 WL 2688541, at *5 (D. Me. Sep. 21, 2025). The

respondents have failed to provide controlling authorities or persuasive reasons that would justify reaching a different result.³ Section § 1226(a), not § 1225(b), applies to Buenrostro.⁴

Buenrostro argues that, as part of the relief sought in both his initial habeas petition and his separate request for a TRO, the court should grant the writ and either release him from custody or order the respondents to conduct a bond hearing within a reasonable—short—time. (Docket Entry No. 1 at 25; Docket Entry No. 17 at 6). "Many courts have . . . found it appropriate to give the Government a short window in which to complete the bond hearing, or else release the petitioner." *Lopez-Arevelo*, 2025 WL 2691828, at *13 (citing *Valasquez Salazar v. Dedos*, No. 25-cv-835, 2025 WL 2676729, at *9 (collecting cases)). The court "finds these decisions persuasive, especially given the IJ's conclusion that it lacks jurisdiction to hold a bond hearing for" Buenrostro. (*Id.*). The court orders the respondents to either hold a bond hearing under § 1226 within 14 days of this order, which is by October 21, 2025, or release him.

## III.   Conclusion

For the reasons stated above, the court grants in part Buenrostro's petition for a writ of habeas corpus. (Docket Entry No. 1). The court denies the request for a temporary restraining

---

³ For support, the respondents point to the BIA's September 5, 2025, decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (Docket Entry No. 12 at 15). As other courts have recognized, however, this court is not bound by *Matter of Yajure Hurtado*'s interpretation of the relevant statutes under *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). *See, e.g.*, *Lepe v. Andrews*, No. 1:25-cv-1163, 2025 WL 2716910, at *4 n.5 (E.D. Cal. Sep. 23, 2025); *Chogllo Chafla*, 2025 WL 2688541, at *7–*8; *Salcedo Aceros v. Kaiser*, No. 25-cv-6924, 2025 WL 2637503, at *9 (N.D. Cal. Sep. 12, 2025); *Pizarro*, 2025 WL 2609425, at *6; *Romero-Nolasco v. McDonald*, No. 25-cv-12492, 2025 WL 2778036, at *1 n.3 (D. Mass. Sep. 29, 2025); *Rodriguez*, 2025 WL 2782499, at *26. The court does not find *Yajure Hurtado* persuasive.

⁴ Buenrostro's habeas petition challenges his detention on both statutory and constitutional grounds. As in *Pizarro Reyes*, the court "will decline to decide the merits" of the due process claim "given that the [c]ourt will grant the relief he seeks based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes*, 2025 WL 2609425, at *8. As was the case for the petitioner in *Pizarro Reyes*, if the respondents fail to provide Buenrostro "with a bond redetermination hearing or release him within the time allotted," Buenrostro "may renew his Fifth Amendment Due Process claim." *Id.*

order as moot. (Docket Entry No. 17). The respondents must provide Buenrostro with a bond hearing under § 1226(a) by October 21, 2025, or release him. The parties are to update the court on the status of Buenrostro's bond hearing no later than October 24, 2025.

SIGNED on October 7, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge